**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO ERNESTO ORELLANA-BATRES,<br><br>               Petitioner,<br><br>v.<br><br>JEREMY CASEY, Facility Administrator, Imperial Regional Detention Facility, in their official capacities, et al.,<br><br>               Respondents. | Case No.: 3:26-cv-00801-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Rogelio Ernesto Orellana-Batres's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief ("Petition") (Doc. 1) and *Ex Parte* Application for Temporary Restraining Order ("TRO Motion") (Doc. 2). For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED AS MOOT**.

## I.     BACKGROUND

Petitioner, a national and citizen of El Salvador, entered the United States as a minor on or around May 5, 2019. (Doc. 1 ¶¶ 1, 3, 31; Doc. 1-2, Ex. 3 at 16.) Petitioner was apprehended, processed as an unaccompanied child ("UAC"), and transferred to federal custody. (Doc. 1 ¶¶ 3, 32, 35; *see* Doc. 1-2, Ex. 5 at 23.) Shortly thereafter, Petitioner was

released from federal custody to the care of a sponsor.  (Doc. 1 ¶¶ 3, 35; Doc. 1-2, Ex. 5 at 23.)  On May 8, 2019, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA") charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen not admitted or paroled.  (Doc. 1¶ 4; Doc. 1-2, Ex. 3 at 16–17.)  However, DHS did not file the NTA with the immigration court for years and removal proceedings against Petitioner did not commence until after his most recent detention.  (Doc. 1 ¶¶ 6, 39–40.)

On May 4, 2020, Petitioner filed an asylum application and has yet to be scheduled for an interview.  (*Id*. ¶ 37; *see* Doc. 1-2, Ex. 8 at 35.)  Petitioner was also granted a 5-year work authorization on or around September 25, 2024.  (*See* Doc. 1-2, Ex. 9 at 38.)

On January 30, 2026, Petitioner was detained at an interior checkpoint and placed in United States Immigration and Customs Enforcement's ("ICE") custody.  (Doc. 1 ¶ 43.)  DHS's recent filing of the NTA initiated removal proceedings against him.  (*Id*. ¶ 40.)  On February 9, 2026, Petitioner commenced the instant action by filing the Petition.  (Doc. 1.)  Petitioner was subsequently released from ICE custody on February 18, 2026.  (Doc. 8.)  Upon his release, Petitioner received a Notice stating he was "released from . . . custody pending a final decision in (his) exclusion/deportation hearing."  (Doc. 10-1 at 3.)

## II.    **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

3:26-cv-00801-RBM-MSB

## III.   DISCUSSION

**A.   Mootness**

Petitioner claims his immigration detention violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 56–79.)  Respondents argue that Petitioner's release from ICE custody rendered the Petition moot because "there is no longer a live case or controversy for the Court to resolve."  (Doc. 9 at 2.)  Specifically, Respondents contend that Petitioner failed to seek "declaratory relief or injunctive relief concerning *future* detention."  (*Id*. at 2–3 (emphasis in original).)  The Court disagrees.

"A habeas petition challenging" incarceration or detention "is never moot simply because, subsequent to its filing, the petitioner has been released from custody."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citations omitted); *see also Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) ("Regardless of whether the detainees formally request release from confinement, because their claims for relief 'necessarily imply the invalidity' of their confinement and removal . . . , their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas.") (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)).  "Habeas orders also extend to defining the parameters of a petitioner's freedom when needed to provide complete relief from unlawful detention."  *Esquivel Pacheco v. LaRose*,—F. Supp. 3d—, 2026 WL 242300, at *7 (S.D. Cal. Jan. 29, 2026).  Indeed, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."  *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289 (1982).

In this case, Petitioner seeks "injunctive and declaratory relief [and] challeng[es] the statutory and constitutional basis for Petitioner's ongoing civil immigration detention."  (Doc. 1 ¶ 2; *see id*. ¶¶ 13–15.)  Petitioner alleges that Respondents wrongfully subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2), as opposed to § 1226(a), and that his "continued civil detention without meaningful access to an individualized custody hearing . . . violates procedural due process."  (Doc. 1 ¶ 71; *see id*. ¶ 8, 44.)  Respondents

3

released Petitioner nine days after he commenced this action and provided him with a Notice stating he was "released from . . . custody pending a final decision in (his) exclusion/deportation hearing." (Doc. 10-1 at 3.) But Respondents do not assert, in either the Notice or the Response filed before this Court, the statutory authority for detaining Petitioner or the statutory provision Respondents deem governs his release. (*See generally* Doc. 6; Doc. 10-1.) Nor do Respondents indicate whether Petitioner's release is discretionary or otherwise represent that they will refrain from re-detaining Petitioner without adequate due process.

Many courts in the Ninth Circuit, including this Court, have found that a pre-deprivation hearing is the more appropriate remedy for similarly situated individuals who were previously released from ICE detention and already enjoy a liberty interest, "even where detention is mandatory." *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1039 (N.D. Cal. 2025); *see Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) ("If Petitioner is successful in his [Petition,] he would be entitled to such a hearing where the government would need to meet its burden or offer him a nondiscretionary release until such time as it can make the requisite showing or has an independent statutory basis to detain him."). As Petitioner challenges Respondents' detention authority, and Respondents may re-detain Petitioner at any point with no meaningful procedural safeguards, Petitioner "remains exposed to immediate re-detention and a repetition of the same harm he has just endured." *Singh v. Warden of Imperial Reg'l Adult Det. Facility*, Case No.: 26-cv-432-JO-JLB, 2026 WL 370190, at *1 (S.D. Cal. Feb. 10, 2026); *see Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (finding a habeas claim challenging the Government's detention authority "continue[d] to present a live case or controversy" because the petitioner's discretionary, one-year release did not provide complete relief). Petitioner's release therefore fails to provide Petitioner with complete relief and does not moot his claims. Accordingly, the Court finds that relief prohibiting further detention based on Respondents' wrongful assertion of statutory authority is necessary.

3:26-cv-00801-RBM-MSB

**B.     Due Process**

Petitioner claims his "continued civil detention without meaningful access to an individualized custody hearing . . . violates procedural due process." (Doc. 1 ¶ 71; *see id.* ¶ 8, 44.)   Beyond the mootness argument, Respondents did not substantively address Petitioner's claims.[1]

As a preliminary matter, Petitioner can no longer be considered an "applicant for admission" under § 1225(b) because he resided in the United States for over six years after he was designated as a UAC and released into the United States.  (*See* Doc. 1 ¶ 3; Doc. 1-2, Ex. 5 at 23.)  *See Salvador v. Bondi*, Case No. 2:25-cv-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025).   Several courts in this Circuit have found that individuals, like Petitioner, who were apprehended at the border as minors, processed as UACs upon inspection, and subsequently released from detention to the care of a sponsor are not subject to mandatory detention under § 1225(b).  *See P.A.H.E. v. Noem*, No. 1:26-cv-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026); *F.S.S.M. v. Wofford*, No. 1:25-cv-01518-TLN-AC, 2025 WL 3526671, at *3–4 (E.D. Cal. Dec. 9, 2025); *Salvador*, 2025 WL 2995055, at *7.   Instead, the Trafficking Victims Protection and Reauthorization Act, 8 U.S.C. § 1232, ("TVPRA") governs the detention of unaccompanied minors apprehended at the border and does not mandate detention. *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866, at *4 (E.D. Cal. Sept. 18, 2025).  Accordingly, "Petitioner is clearly subject to section 1232 and section 1225's mandatory detention provision does not apply." *P.A.H.E.*, 2026 WL 451662, at *2 (citing *F.S.S.M.*, 2025 WL 3526671, at *4); *see also J.O.P. v. U.S. Dep't of Homeland Security*, 338 F.R.D. 33, 44, 64 (D. Md. 2019) (entering a class-wide preliminary injunction

---

[1]  "Generally, a party waives argument when it fails to respond to an argument made to the court." *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)).  This alone constitute grounds to grant the Petition on due process grounds.

providing that the government may not reassess whether an individual qualified as a UAC under the TVPRA even if the applicant had turned 18).

The Court also finds that Petitioner maintains a protected liberty interest in remaining free from detention.  The TVPRA "provides that, in making custody determinations for unaccompanied minors, [the Office of Refugee Resettlement] should consider 'danger to self, danger to the community, and risk of flight.'"  *R.D.T.M.*, 2025 WL 2686866, at *2 (quoting 8 U.S.C. § 1232(c)(2)(A)).  Release therefore "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."  *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176, 1178 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (citing 8 U.S.C. § 1232(c)(2)(A)).  Noncitizens afforded release under the TVPRA "have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case."  *Perez v. Casey*, Case No.: 26-cv-0655-JES-BLM, 2026 WL 370397, at *1 (S.D. Cal. Feb. 10, 2026) (citing *Saravia*, 280 F. Supp. 3d at 1176–77).

This Court has granted several habeas petitions filed by petitioners who were re-detained years after being released from their initial ICE detention on conditional parole or supervised release.  There, the Court applied the due process inquiry set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found that "[a]ll three factors support a finding that Respondents' revocation of Petitioner's conditional parole without an opportunity to be heard deprived Petitioner of his due process rights."  *Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *2 (S.D. Cal. Nov. 13, 2025) (reaching the same conclusion as to the revocation of humanitarian parole).

In this case, Petitioner lived in the United States for over six years after his release, has no criminal history, was able to apply for asylum relief, and was granted a 5-year work authorization. (*See* Doc. 1 ¶¶ 36, 47, 55; Doc. 1-2 at 3–7, 36–38.).  Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that

6

promise. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Nothing in the record before the Court indicates a change in circumstances warranting Petitioner's re-detention. Nor is there any evidence that Petitioner was informed of such changed circumstances justifying his re-detention or that he was given meaningful opportunity to be heard. The Court therefore adopts its reasoning in *Faizyan*, as well as the court's reasoning in *Perez v. Casey*, and applies it here. For those same reasons, Petitioner's re-detention without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Perez v. Casey*, 2026 WL 370397, at *1 (finding "Respondents violated the TVPRA, and the due process rights due to Petitioner under his TVPRA release, when they re-detained him" without "any individualized changed circumstances justifying revocation of his release, or . . . meaningful opportunity to be heard regarding that revocation.").

### IV. CONCLUSION[2]

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED** and the TRO Motion (Doc. 2) is **DENIED AS MOOT**. The Court therefore **ORDERS** as follows:

1. Respondents **SHALL NOT** re-detain Petitioner unless he is first provided with a hearing before a neutral arbiter to determine whether detention is warranted.

2. Respondents **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE: April 20, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

7

3:26-cv-00801-RBM-MSB